# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                         No. CR 11-3089 JB

MANUEL ACUNA-GONZALEZ, a/k/a
Jose Felix Rosales-Perez, a/k/a Eduardo
Mendoza; RAMIRO ROSALES-PEREZ;
and APOLONIO ROSALES-VIZCARRA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Pro Se Defendant's Motion to Reduce or

Modify His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the United States Guideline

"Retroactive" Amendment 782, filed March 7, 2016 (Doc. 123)("Motion"). The primary issue is

whether a retroactively applicable amendment to the United States Sentencing Guidelines that

reduces Defendant Manuel Acuna-Gonzalez' base offense level from 32 to 30 means that the

Court should reduce Acuna-Gonzalez' sentence. The Court will not reduce Acuna-Gonzalez'

sentence, because the sentence that Acuna-Gonzalez originally received -- 108 months

imprisonment -- is at the bottom of Acuna-Gonzalez' amended Guidelines range.

## FACTUAL BACKGROUND

On December 13, 2011, a federal grand jury returned an indictment charging Acuna-

Gonzalez with "unlawfully, knowingly and intentionally possess[ing] with intent to distribute a

controlled substance, 100 grams and more of a mixture and substance containing a detectable

amount of heroin." Indictment at 2, filed December 13, 2011 (Doc. 23). Acuna-Gonzalez

agreed to plead guilty to that charge. See Plea Agreement ¶ 3, at 2, filed May 22, 2012

(Doc. 43).   As part of that agreement, the United States and Acuna-Gonzalez stipulated that Acuna-Gonzalez "was not a leader, organizer, manager or supervisor, pursuant to U.S.S.G. § 3B1.1(a)-(c)."  Plea Agreement ¶ 9(b), at 5.

The Court accepted the plea agreement, but it did not accept the United States' and Acuna-Gonzalez' stipulation.  See Transcript of Sentencing Proceedings at 12:19-13:22 (held February 21, 2013)(Court)("Tr.").[1]  See also Plea Agreement ¶ 10, at 7 ("The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report.").   Instead, the Court applied a two-level aggravating-role enhancement, so Acuna-Gonzalez' Guidelines range was 135 to 168 months.  See United States Probation Office Memorandum at 1 (dated November 1, 2016), filed November 1, 2016 (Doc. 125)("Memo").   Without that enhancement, Acuna-Gonzalez' Guidelines range would have been 108 to 135 months.  See United States' Motion for Downward Variance and Sentencing Memorandum in Support Thereof at 4, filed February 2, 2013 (Doc. 93)("[W]hen entering into the agreement, the parties contemplated a sentencing range of 108-135 months."). The Court did, however, apply a downward variance "equivalent to two offense levels . . . in part to match the expectations of the parties."   Tr. at 13:3-18 (Court).   Accordingly, the Court sentenced Acuna-Gonzalez to 108 months imprisonment.  See Sentencing Minute Sheet at 1, filed February 21, 2013 (Doc. 98).

After the Court sentenced Acuna-Gonzalez, the United States Sentencing Commission adopted Amendment 782, which altered U.S.S.G. §§ 2D1.1, 2D1.11.  See U.S.S.G. Supp. to

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

- 2 -

App. C at 63, 67 (2016)("Amendment 782").  Amendment 782 reduces Acuna-Gonzalez' base

offense level by two.  <u>See</u> Amendment 782 at 64.  <u>See also</u> Memo at 1.  The United States

Sentencing Commission made Amendment 782 retroactively applicable.  <u>See</u> U.S.S.G.

§ 1B1.10(d).

## PROCEDURAL BACKGROUND

Acuna-Gonzalez moves the Court to reduce his sentence in light of Amendment 782.  <u>See</u>

Motion at 1.[2]  Acuna-Gonzalez calculates his new Guidelines range as 87 to 108 months and

asks the Court to sentence him to 87 months imprisonment.  <u>See</u> Motion ¶¶ 10, 12, at 3-4.

Acuna-Gonzalez argues that the Court can reduce his sentence under 18 U.S.C. § 3582(c)(2),

because the Court sentenced him based on a guidelines range that Amendment 782 now reduces.

<u>See</u> Motion ¶¶ 8-10, at 3-4.  He also argues that the Court should reduce his sentence, because

the factors that 18 U.S.C. § 3553(a) enumerates indicate that a shorter sentence is appropriate.

<u>See</u> Motion ¶ 11, at 4.

> For purposes of § 3553(a), Defendant further advances the Court that he has
> already served more than 54 months of the sentenced impose[d] upon him in
> 2013, and he has maintained employment while incarcerated, and will not be a
> potential dangerous to society upon release, because he will be deported to his
> country of origin and is determined not to attempt to return to this country again.
> Lastly, that even with the reduction of sentence the court may grant herein, he still
> will serve an approximate [term] of 22 month[s] imprisonment, that with the 54
> months he has already served, sound as an adequate deterrent and punishment for
> the crime he committed and accepted responsibility for.

Motion ¶ 11, at 4.

---

[2]While Acuna-Gonzalez filed the Motion pro se, seasoned and experienced Court-
appointed counsel now represents him.  <u>See</u> CJA Appointment of Phillip G. Sapien, filed March
8, 2016 (Doc. 124)(text-only entry).  <u>See also</u> Motion ¶ 4, at 2 ("Defendant is proceeding <u>pro se</u>
with limited dominion of the English language and knowledge of law, and will keep this
argument simple.").

The United States Probation Office ("USPO") filed the Memo to address Acuna-Gonzalez' arguments. See Memo at 1. According to the USPO, the Court's original downward variance means that Acuna-Gonzalez' current sentence -- 108 months -- is equal to the bottom of his amended Guidelines range of 108 to 135 months. See Memo at 1. It follows, again according to the USPO, that Acuna-Gonzalez is not eligible for a sentence reduction. See Memo at 1.

The United States responds to the Motion. See United States' Reply to USPO Memorandum and Response to Motion for Reduced Sentence, filed January 22, 2018 (Doc. 126)("Response"). In the Response, the United States "adopts the reasoning and conclusion of the United States Probation Office memorandum dated November 1, 2016." Response at 1. The United States contends that "[a] defendant is not eligible for a sentencing reduction if he earlier received a sentence that was at or below the bottom of the newly-amended guideline range, other than due to substantial assistance, which does not apply in this case." Response at 2 (citing United States v. Boyd, 721 F.3d 1259, 1264 (10th Cir. 2013)(Hartz, J.)).

**LAW REGARDING THE UNITED STATES SENTENCING GUIDELINES.**

Courts applying the Guidelines must proceed by: (i) carefully calculating the correct Guidelines range; (ii) making Guidelines-contemplated departures under parts 5H and 5K; and (iii) varying from the resulting Guidelines range based on the factors listed at § 3553(a). Each of these steps involves complex rules that must be applied with precision. For clarity, the Court sets out those rules below.

1. **Background Law on the Guidelines.**

In United States v. Booker, 543 U.S. 220 (2005)(Stevens, J.), the Supreme Court of the United States of America severed the mandatory provisions from the Sentencing Reform Act of

1984, Pub. L. No. 98-473, 98 Stat. 1837, thus making the Guidelines sentencing ranges effectively advisory.  See 543 U.S. at 245.  In excising the two sections, the Supreme Court left the remainder of the Act intact, including 18 U.S.C. § 3553: "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.  Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."  543 U.S. at 261.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)     to afford adequate deterrence to criminal conduct;
>
> (C)     to protect the public from further crimes of the defendant; and
>
> (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(2)(A)-(D).  Section 3551 provides that

> a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551.

To achieve these purposes, 18 U.S.C. § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the offense's nature and the defendant's character; (iii) the available sentences; (iv) the policy favoring sentencing uniformity for defendants who commit similar crimes; and (v) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines ranges are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a) and that they are entitled to considerable deference. See Rita v. United States, 551 U.S. 338, 349 (2007)(Breyer, J.)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(Tymkovich, J.)(describing the Guidelines as "not just one factor among many"), overruled on other grounds by Gall v. United States, 552 U.S. 38 (2007)(Stevens, J.), as recognized in United States v. White, 265 F. App'x 719, 728 n.8 (10th Cir. 2008)(Anderson, J.).[3] They are significant, because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years'

---

[3]United States v. White is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent. . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(Brorby, J.). The Court concludes that United States v. Leroy, 298 F. App'x 711 (10th Cir. 2008)(Baldock, J.); United States v. Davis, 599 F. App'x 815 (10th Cir. 2013)(Holloway, J.); United States v. Mendoza-Haro, 595 F. App'x 829 (10th Cir. 2014)(Matheson, J.); United States v. Burkins, 596 F. App'x 685 (10th Cir. 2014)(Phillips, J.); United States v. McKneely, 588 F. App'x 845 (10th Cir. 2014)(Lucero, J.); United States v. Vann, 593 F. App'x 782 (10th Cir. 2014)(Phillips, J.); United States v. Shines, 527 F. App'x 663 (10th Cir. 2013); and United States v. Kort, 440 F. App'x 678 (10th Cir. 2011)(Brorby, J.), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

worth of careful consideration of the proper sentence for federal offenses." United States v. Cage, 451 F.3d at 593 (internal quotation marks omitted). A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). See United States v. Booker, 543 U.S. at 261-62.

The Tenth Circuit has "joined a number of other circuits in holding that a sentence within the applicable Guidelines range is presumptively reasonable." United States v. Terrell, 445 F.3d 1261, 1264 (10th Cir. 2006)(Krieger, J.), overruled on other grounds by Rita v. United States, 551 U.S. 338, 349 (2007), as recognized in United States v. Zamora-Solorzano, 528 F.3d 1247, 1251 n.3 (10th Cir. 2008)(Tacha, J.). This presumption, however, is an appellate presumption, and not one that the trial court can or should apply. See Rita v. United States, 551 U.S. at 351; Gall v. United States, 552 U.S. at 46-47; Kimbrough v. United States, 552 U.S. 85, 90-91 (2007)(Ginsburg, J.). Instead, the trial court must undertake the § 3553(a) balancing of factors without any presumption in favor of the Guidelines sentence. See Rita v. United States, 551 U.S. at 351; Gall v. United States, 552 U.S. at 46-47; Kimbrough v. United States, 552 U.S. at 90-91.

> While the Supreme Court's decision in United States v. Booker has given the sentencing court discretion that it did not have earlier, the sentencing court's first task remains to accurately and correctly determine the advisory-guideline sentence. Thus, before the sentencing court takes up a defendant's Booker arguments, the sentencing court must first determine whether the defendant is entitled to downward departures. The sentencing court may, however, also use these same departure factors in the Booker calculus, even if the court does not grant a downward departure.

United States v. Apodaca-Leyva, No. CR 07-1479, 2008 WL 2229550, at *6 (D.N.M. Feb. 13, 2008)(Browning, J.). The Supreme Court recognizes, however, that the sentencing judge is "in a

superior position to find facts and judge their import under § 3553(a) in each particular case."

Kimbrough v. United States, 552 U.S. at 89.

## 2. **Calculating the Initial Sentencing Range.**

Courts in initial sentencing proceedings must adhere to a three-step sequence:

[F]irst, determining the appropriate sentencing range on the basis of Guidelines' chapters 2 through 4; next, applying Guidelines-contemplated departures based on parts 5H and 5K; and, only then, varying from the Guidelines framework on the basis of the § 3553(a) factors taken as a whole. The Court must follow this sequence, because: (i) the Guidelines expressly provide for it, and courts must still consult the Guidelines, even if they will subsequently vary from them in the third step of the sequence; and (ii) adherence to this sequence is the only way to give effect to 18 U.S.C. § 3553(e).

United States v. Nolf, 30 F. Supp. 3d 1200, 1222 (D.N.M. 2014)(Browning, J.).

Attorneys and courts often say that the Guidelines are advisory, but it appears more appropriate to say that the Guidelines ranges are advisory. See Gall v. United States, 522 U.S. at 46 ("As a result of our decision [in United States v. Booker], the Guidelines are now advisory[.]"); United States v. Leroy, 298 F. App'x 711, 712 (10th Cir. 2008)(Baldock, J.)(unpublished)("[T]he Guidelines are advisory, not mandatory."); United States v. Sells, 541 F.3d 1227, 1237 (10th Cir. 2008)(Lucero, J.)("[T]he sentence ultimately imposed by the district court was based on a correctly calculated Guidelines range, a stated consideration of the § 3553(a) factors, and an understanding that the Guidelines are advisory."). The Court must consider the Guidelines, see Gall v. United States, 522 U.S. at 46 ("It is . . . clear that a district judge must give serious consideration to the extent of any departure from the Guidelines . . . ."), and must accurately calculate the Guidelines range, see Gall v. United States, 522 U.S. at 49 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.").

Appellate courts expect district courts to first obtain the accurate Guidelines' sentence range and circumscribe their United States v. Booker-granted authority to post-Guidelines analysis "variances." See Irizarry v. United States, 553 U.S. 708, 710-16 (2008)(Stevens, J.). A district court that attempts to vary from U.S.S.G. § 1B1.1's basic sequence most likely acts procedurally unreasonably. See Gall v. United States, 552 U.S. at 51 (holding that a sentence is procedurally reasonable if "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence")(emphasis added).

In drug trafficking sentencing cases, courts calculate the initial true Guidelines range using the Drug Quantity Table at U.S.S.G. § 2D1.1(c). Note (B) to Drug Quantity Table specifies that a court sentencing for an offense involving a mixture of methamphetamine with another inert substance should "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1(c) n.(B)(emphasis added). See United States v. Davis, 599 F. App'x 815, 817 (10th Cir. 2013)(Holloway, J.)(unpublished)("The Guidelines dictate that a defendant's advisory sentencing range for methamphetamine distribution is to be calculated using whichever drug weight -- actual or mixed -- would produce the greater offense level.").

This decision was a deliberate move on the part of the Sentencing Commission to "increase the offense level for methamphetamine traffickers whose offenses involved purer methamphetamine mixtures," because drug purity "is probative of the defendant's role or position in the chain of distribution." United States v. Baez Perez, 515 F. App'x 866, 868 (11th

- 9 -

Cir. 2013)(per curiam)(quotations omitted)(unpublished). The difference can result in significantly different sentences:

> Under the Tables, one gram of actual methamphetamine is equivalent to twenty kilograms of marijuana, and one gram of methamphetamine mixture is equivalent to two kilograms of marijuana. In other words, a ten-to-one ratio is employed in calculating sentences for actual methamphetamine versus methamphetamine mixture in the Guidelines.

United States v. Davis, 599 F. App'x at 817 (rejecting defendant's challenge to the sentencing disparity); United States v. Kort, 440 F. App'x 678, 685 (10th Cir. 2011)(Brorby, J.)(unpublished)("[I]t is evident the Sentencing Commission recommends a higher offense level for 'Ice' methamphetamine, in part, because a drug of such high purity can be 'cut' with other substances for distribution in larger quantities.").

Flaws in the base offense level calculation are reversible procedural error. See United States v. Jim, 786 F.3d 802 (10th Cir. 2015)(Ebel, J.)("Having determined that the district court erred in refusing to consider whether § 2A3.2(b)(4)(B)'s two-offense-level enhancement for serious bodily injury could apply in this case, we remand for resentencing."). In United States v. Gigley, 213 F.3d 509, 519 (10th Cir. 2000)(Baldock, J.), for example, the United States District Court for the District of Kansas used the mixture weight of methamphetamine rather than the weight of the pure substance, resulting in a base offense level of 32 instead of the correct level of 36. 213 F.3d at 519. The Tenth Circuit remanded the case for new calculations, explaining that "[t]he district court should have used the quantity of methamphetamine (actual) to find the base offense level because it produces a higher sentence." 213 F.3d at 519.

**3.** **Departures Pursuant to Section 5K1.1.**

Courts must impose mandatory minimum sentences unless a statutory exception applies. See United States v. Mendoza-Haro, 595 F. App'x 829, 832 (10th Cir. 2014)(Matheson,

J.)(unpublished). Congress provides a limited exception to this general rule in 18 U.S.C.

§ 3553(e), which allows the court, on the United States' motion, to

> impose a sentence below a level established by statute as a minimum sentence so
> as to reflect a defendant's substantial assistance in the investigation or prosecution
> of another person who has committed an offense. Such sentence shall be imposed
> in accordance with the guidelines and policy statements issued by the Sentencing
> Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). The Sentencing Commission echoed this language in its implementing

rule. Section 5K1.1 of the Guidelines states:

> Upon motion of the government stating that the defendant has provided
> substantial assistance in the investigation or prosecution of another person who
> has committed an offense, the court may depart from the guidelines.
>
> > **(a)** The appropriate reduction shall be determined by the court for
> > reasons stated that may include, but are not limited to,
> > consideration of the following:
> >
> > > **(1)** the court's evaluation of the significance and
> > > usefulness of the defendant's assistance, taking into
> > > consideration the government's evaluation of the
> > > assistance rendered;
> > >
> > > **(2)** the truthfulness, completeness, and reliability of
> > > any information or testimony provided by the
> > > defendant;
> > >
> > > **(3)** the nature and extent of the defendant's
> > > assistance;
> > >
> > > **(4)** any injury suffered, or any danger or risk of
> > > injury to the defendant or his family resulting from
> > > his assistance;
> > >
> > > **(5)** the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. See United States v. Reyes, 9 F. Supp. 3d 1196, 1215 (D.N.M.

2014)(Browning, J.)("[U]nder U.S.S.G. § 5K1.1, if the Court grants the United States' motion

for substantial assistance, the sentence can be below the mandatory minimum."); United States v.

Goodman, 556 F. Supp. 2d 1002, 1014 (D. Neb. 2008)(Bataillon, J.)(reducing a defendant's sentence below fifty percent of the original advisory range's low end because he "took a significant risk to his own personal safety and risked damage to his familial relationships by cooperating").

### 4.    Variances from the Guidelines.

Courts are not required to apply sentences within the calculated Guidelines range. The Supreme Court held in United States v. Booker that "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing," 543 U.S. at 264, but further expounded in Kimbrough v. United States that "courts may vary [from the Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," 552 U.S. at 101 (alteration in original)(internal quotation marks omitted). See United States v. Sierra-Castillo, 405 F.3d 932, 936 n.2 (10th Cir. 2005)(Murphy, J.)("[D]istrict courts post-Booker have discretion to assign sentences outside of the Guidelines-authorized range . . . ."). Accord United States v. Chavez-Rodarte, No. CR 08-2499 JB, 2010 WL 3075285, at *2-3 (D.N.M. July 16, 2010)(Browning, J.).

In the third step, district courts may vary from the Guidelines framework on the basis of the § 3553(a) factors taken as a whole. See United States v. Nolf, 30 F. Supp. 3d at 1214 (citing U.S.S.G. § 1B1.1(c)). The Supreme Court has recognized that the sentencing judge is "in a superior position to find facts and judge their import under § 3553(a) in each particular case." Kimbrough v. United States, 552 U.S. at 89.

Applying § 3553(a)'s factors, the Court has concluded that the case of an illegal immigrant who re-entered the United States to provide for his two children and two siblings was not materially different from other re-entry cases, and that, thus, no variance from the Guidelines

sentence was warranted.  See United States v. Alemendares-Soto, No. CR 10-1922, 2010 WL 5476767, at *12 (D.N.M. Dec. 14, 2010)(Browning, J.).  On the other hand, in United States v. Jager, No. CR 10-1531 JB, 2011 WL 831279 (D.N.M. Feb. 17, 2011)(Browning, J.), although the defendant's military service was not present to an unusual degree and, thus, did not warrant a departure, the Court found that a variance was appropriate, because the defendant's military service was "superior and uniformly outstanding," as the defendant appeared to have been "trustworthy[] and dedicated, and he served with distinction."  2011 WL 831279, at *14.

Courts' decision to allow departures may limit their ability to grant variances.  The Court addressed the interplay between § 5K1.1 departures and additional variances in United States v. Nolf, which proposed a hypothetical sentencing scenario:

> A defendant is convicted of an offense for which the statutory minimum is 60 months; the Guidelines indicate a base-level sentence of 80 months;[4] the Government moves for a 25-month downward departure for substantial assistance; and the sentencing court also finds that, based on the § 3553(a) factors, the defendant is entitled to a 25-month downward variance.  There are then three potential results the court could reach, depending on its interpretation of § 3553(e): (i) impose a sentence of 55 months, first applying the 25-month departure and then, because the result is below the statutory minimum, refusing to apply any variance; (ii) impose a sentence of 35 months, first applying 20 months of the 25-month downward variance -- refusing to apply the last 5 months because doing so would result in a sentence below the statutory minimum -- and then applying the 25-level departure; or (iii) impose a sentence of 30 months, giving the defendant full credit for both the variances and the § 5K1.1 departure -- the sequence makes no difference to the result.

30 F. Supp. 3d at 1236.  The Court selected the first interpretation, reasoning that the others suffered from fatal flaws.  See 30 F. Supp. 3d at 1235.

---

[4]For simplicity's sake, the Court expressed the indicated sentences and departures in terms of months, rather than the ranges and levels that the Guidelines provide.

The third interpretation was clearly invalid under existing Tenth Circuit precedent. In

United States v. A.B., a unanimous Tenth Circuit panel explained its reasoning:

> In [*United States v.*] *Campbell*, [995 F.2d 173 (10th Cir. 1993)(per curiam),] the defendant was convicted of conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and thus was subject to a ten-year mandatory minimum sentence under § 841(b)(1)(A). After the government moved for a downward departure based on his substantial assistance, the defendant moved for an additional downward departure based on his diminished capacity pursuant to U.S.S.G. § 5K2.13. In affirming the district court's refusal to grant the defendant's motion, we noted that "[w]hen a sentence is fixed by statute, any exception to the statutory directive must also be given by statute." 995 F.2d at 175. As embodied in § 3553(e), we interpreted the mandatory minimum exception to relate to only factors bearing on the defendant's substantial assistance. Accordingly, we concluded: "The mandatory language of 21 U.S.C. § 841(b)(1)(A), and the expressly limited exception granted in 18 U.S.C. § 3553(e), convince us that a downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute." 995 F.2d at 175.
>
> A.B.'s response to *Campbell* -- predicated on *United States v. Booker*, 543 U.S. 220 (2005) -- is stated succinctly in his brief: "Because Campbell relied on the mandatory nature of the guidelines, and addressed only 'departures' and not reasonable sentences under § 3553(a), it no longer has the force of law after *Booker*." Aplt. Op. Br. at 11. Although we have not had occasion to address the post-*Booker* vitality of *Campbell*, the Eighth Circuit reviewed essentially the same issue in *United States v. Williams*, 474 F.3d 1130 (8th Cir. 2007). It concluded that "[n]othing in the reasoning of Booker expands the authority of a district court to sentence below a statutory minimum." 474 F.3d at 1132. Because it concluded that this authority under § 3553(e) was limited to consideration of substantial assistance factors, the Eighth Circuit rejected defendant's contention that the district court was permitted to "reduce the sentence further based on factors, other than assistance, set forth in 18 U.S.C. § 3553(a)." 474 F.3d at 1130.
>
> . . . .
>
> [W]e conclude that *Booker* did not abrogate our holding in *Campbell*. Furthermore, nothing in the logic of *Campbell* even suggests that its holding (expressly relating to downward departures) should apply with any less force in the context of variances under § 3553(a). . . .
>
> Accordingly, the district court here was without authority to go further below the statutory minimum based upon § 3553(a) factors <u>after</u> departing below the

mandatory minimum under the authority of § 3553(e). In other words, "the court ha[d] discretion to sentence below that minimum in a manner that reflects the nature and extent of the substantial assistance provided by the defendant -- no more, no less." *United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002). Therefore, the district court could not have erred in failing to consider the § 3553(a) factors after it applied a downward departure pursuant to § 3553(e).

United States v. A.B., 529 F.3d at 1281, 1284-85 (Holmes, J.). As the Court concluded in United States v. Nolf, "a sentencing court may not use the third interpretation under any circumstance." 30 F. Supp. 3d at 1237.

The second interpretation would allow district courts to circumvent this ban, applying variances before granting § 5K1.1 departures and giving cooperating defendants different sentences depending on the § 3553(a) factors in their individual cases.[5] This position is

---

[5]The Court addressed this concern in United States v. Nolf:

Opponents of the first interpretation point out that the defendant in the above hypothetical would receive the same sentence regardless whether the sentencing court thinks that he should be entitled to 80 months of downward variance, 40 months, 20 months, or zero months, and that this result means that vastly dissimilar defendants will be sentenced with unwarranted uniformity. Their objection is not invalid. This concern has apparently kept the Tenth Circuit from pulling the trigger -- at least not definitively -- on adopting the three-step sequence as mandatory, and has even lured the United States Court of Appeals for the Eighth Circuit away from its previous position that the three-step sequence is binding. It is worth noting at the outset, however, that even the second interpretation, Nolf's preferred reading, contains the same potential for unwarranted uniformity -- just a little less of it. That interpretation would still result in a defendant receiving the same sentence regardless whether the sentencing court thinks that he should be entitled to 80 months of downward variance, 40 months, or 20 months; it is only below 20 months that the differences impact the final sentence. This scenario highlights an important observation about statutory mandatory minimums: they often produce unwarranted uniformity. By design, statutory minimums sacrifice reasoned disparity at the low end of the sentencing range so that Congress can have peace of mind that sufficient sentences are being imposed on all offenders. The more control Congress retains over sentencing -- be it in the form of narrower sentencing ranges, enacting a larger number of more-specific crimes instead of a smaller number of broader crimes, or providing detailed enhancement and reduction

unconvincing for three reasons.  First, although the Tenth Circuit has not directly rejected this

approach, it has stated in dicta that it "is -- at the very least -- in significant tension with our

caselaw, which may require district courts to consider all available Guidelines departures before

factoring § 3553(a) factors into the sentencing calculus."  United States v. A.B., 529 F.3d at

1285-88 (collecting cases requiring variance from the Guidelines as the third and final step in

sentencing).  Second, the Tenth Circuit has contrasted the phrasing of § 3553(e) with 18 U.S.C.

§ 3553(f), which allows courts to disregard mandatory minimums entirely if certain conditions

are met.  See 18 U.S.C. § 3553(f) (laying out requirements for "safety valve" sentences below

the mandatory minimums).  In United States v. A.B., it explained:

> Specifically, § 3553(f) requires the district court to disregard the mandatory
> minimum sentence when certain conditions are met. [United States v. Ahlers, 305
> F.3d] at 59. The statute "demonstrates Congress's ability to deploy unambiguous
> statutory language when it intends to authorize sentencing judges to ignore the
> limitations imposed by statutory minimum sentences and treat a 'mandatory
> minimum' case *like any other*." *Id.* (emphasis added). In contrast, § 3553(e)
> "speaks in much more circumspect terms." *Id.* It "retains the mandatory minimum
> as a reference point for a specific, carefully circumscribed type of departure." *Id.*
> Section 3553(e) "opens the door for a departure below the otherwise applicable
> mandatory minimum -- but only those reasons related to the nature and extent of
> the defendant's substantial assistance can figure into the ensuing sentencing
> calculus." *Id.* at 60. In other words, unlike under § 3553(f), upon granting a §
> 3553(e) downward departure, a district court is not at liberty to treat the case "like
> any other," but rather must focus only on substantial assistance considerations.

529 F.3d at 1284.  Third, the Guidelines themselves suggest that variances should come last.  See

United States v. Nolf, 30 F. Supp. 3d at 1241 n.25 ("The three-step sequence is a part of the

---

> factors -- the less control judges have to produce justified disparities in sentences
> among dissimilar offenders.  It is Congress' prerogative to strike this balance
> where it pleases, and the courts should hesitate to tilt the scales in their own favor
> based on their perception of their own institutional competency.

30 F. Supp. at 1236.

Guidelines themselves, explicitly laid out in U.S.S.G. § 1B1.1, and necessary to their proper application.").[6]

---

[6]U.S.S.G. § 1B1.1 states:

(a) The court shall determine the kinds of sentence and the guideline range as set forth in the guidelines (*see* 18 U.S.C. 3553(a)(4)) by applying the provisions of this manual in the following order, except as specifically directed:

> (1) Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. *See* § 1B1.2.
>
> (2) Determine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed.
>
> (3) Apply the adjustments as appropriate related to victim, role, and obstruction of justice from Parts A, B, and C of Chapter Three.
>
> (4) If there are multiple counts of conviction, repeat steps (1) through (3) for each count. Apply Part D of Chapter Three to group the various counts and adjust the offense level accordingly.
>
> (5) Apply the adjustment as appropriate for the defendant's acceptance of responsibility from Part E of Chapter Three.
>
> (6) Determine the defendant's criminal history category as specified in Part A of Chapter Four. Determine from Part B of Chapter Four any other applicable adjustments.
>
> (7) Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above.
>
> (8) For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution.

(b) The court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing

Most United States Courts of Appeals appear to require the three-step sequence and reject the second interpretation.  See United States v. Wallace, 461 F.3d 15, 32 (1st Cir. 2006)(Lipez, J.); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006)(Ambro, J.)("Our post-*Booker* precedent instructs district courts to follow a three-step sentencing process.")(citing United States v. King, 454 F.3d 187 (3d Cir. 2006)(Sloviter, J.)); Lee D. Heckman, The Benefits of Departure Obsolescence: Achieving the Purposes of Sentencing in the Post-Booker World, 69 Ohio St. L.J. 149, 152 & n.16 (2008)("[T]he vast majority of circuits require calculating the Guidelines and then calculating applicable departures as was done prior to *Booker*.  In practice, this is a three-step process . . . The First, Second, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits all require calculating applicable departures as part of consulting the Guidelines.").  See, e.g., United States v. Spinks, 770 F.3d 285, 288 (4th Cir. 2014)(Motz, J.)("[O]ur precedent on this point is clear: the extent of a § 3553(e) departure below a mandatory minimum must be based solely on a defendant's substantial assistance and factors related to that assistance.").

Courts may look beyond factors related to a defendant's substantial assistance to law enforcement, however, if they use them "to limit the extent of the departure under § 5K1.1/§ 3553(e)."  United States v. Mendoza-Haro, 595 F. App'x at 833.  In United States v. Mendoza-Haro, the sentencing court granted the United States' § 5K1.1 motion and reduced the sentence below the mandatory minimum.  It considered not only the factors listed at § 5K1.1, but also

---

sentence.  *See* 18 U.S.C. § 3553(a)(5).

(c) The court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.  See 18 U.S.C. § 3553(a).

U.S.S.G. § 1B1.1.

whether the sentence would "meaningfully reflect the seriousness of [the defendant's] offense" and "create a disparity with similarly situated defendants." 595 F. App'x at 831. The defendant, citing United States v. A.B., argued that the sentencing court's decision was procedurally unreasonable. See United States v. Mendoza-Haro, 595 F. App'x at 832. The Tenth Circuit rejected the argument, noting that, "[a]lthough it would have been inappropriate for the district court to consider § 3553(a) factors beyond Ms. Mendoza-Haro's assistance to depart further downward, it did not err in considering those factors to limit the extent of the departure." United States v. Mendoza-Haro, 595 F. App'x at 834. See United States v. Winebarger, 664 F.3d 388, 394 (3d Cir. 2011)(Rendell, J.)("[I]t was not inconsistent for the Sentencing Commission to have circumscribed the district court's discretion for departures for substantial assistance in only one direction."); United States v. Jackson, 577 F.3d at 1036 (9th Cir. 2009)(Tashima, J.).

## LAW REGARDING SENTENCE REDUCTIONS

District courts require specific grants of authority from Congress and the Sentencing Commission to reduce previously imposed sentences. Two new grants, Amendments 782 and 788, have made thousands of prisoners convicted of drug offenses eligible for sentence reductions. Courts performing sentence reductions under § 3582(c)(2) must determine (i) whether a prisoner is eligible for a reduction; and (ii) whether, in their discretion, they should grant the reduction. They have very limited authority to revisit sentencing courts' initial decisions.

1.    **Authority for Sentence Reductions.**

Courts have limited authority to modify defendants' original sentences. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir.

1997).  Accord <u>United States v. Cramberg</u>, No. CR 10-3244, 2012 WL 3656477, at *2-3 (D.N.M. Aug. 21, 2012)(Browning, J.); <u>United States v. Christy</u>, No. CR 10-1534, 2012 WL 3150352, at *4-5 (D.N.M. July 16, 2012)(Browning, J.); <u>United States v. Padilla</u>, No. CR 09-3598, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012)(Browning, J.); <u>United States v. Vigil</u>, No. CR 05-2051, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.); <u>United States v. Myers</u>, 375 F. Supp. 2d 1293, 1296 (D.N.M. 2005)(Browning, J.).  The Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed.  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

<u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996)(Baldock, J.).  This third set of cases falls within 18 U.S.C. § 3582(c)(2), which provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

**2.      <u>Amendments 782 and 788</u>.**

The Sentencing Commission has a responsibility to periodically "review and revise" its Guidelines.    28  U.S.C.  § 994(o).    It  may  choose  to  reduce  the  term  of  imprisonment

"recommended in the guidelines applicable to a particular offense or category of offenses," but it must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Congress has directed the Sentencing Commission to formulate its Guidelines "to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons, as determined by the Commission." 28 U.S.C. § 994(g).

On April 10, 2014, the United States Sentencing Commission voted unanimously to reduce the Guidelines for most drug-trafficking offenses. Amendment 782 revised the Guidelines for drug-trafficking offenses by modifying how specific quantities of drugs relate to the statutory minimum penalties. Amendment 782 "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties, and made conforming changes" to the drug quantity tables at U.S.S.G. §§ 2D1.1 and 2D1.11. U.S. SENTENCING COMM'N, 2014 DRUG GUIDELINES AMENDMENT RETROACTIVITY DATA REPORT at 2 (August 2015)("Retroactivity Report"). After Amendment 782, a defendant convicted of possession with intent to distribute cocaine, for example, would receive a lower base offense level and thus a lower Guidelines range.

The Sentencing Commission gave Amendment 782 retroactive effect on July 18, 2014, by approving Amendment 788. Amendment 788: (i) added Amendment 782 to the list of amendments that U.S.S.G. § 1B1.10 authorizes for retroactivity; and (ii) required that the effective date of any orders retroactively reducing terms of imprisonment be November 1, 2015, or later. See Retroactivity Report at 3. The Sentencing Commission concluded that "[t]he administrative burdens of applying Amendment 782 retroactively are significant but manageable

given the one-year delay in the effective date, which allows courts and agencies more time to prepare." U.S.S.G. App. C, Amend. 788 at 87 (2014). Amendments 782 and 788 became law when Congress failed to overrule or modify their proposed changes before November 1, 2014. See Retroactivity Report at 2-3.

**3.**     **Process for Sentencing Reductions.**

Section § 3582(c)(2) creates a two-step process for courts considering sentence reductions. First, courts must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. McGee, 615 F.3d 1287, 1292 (10th Cir. 2010)(Briscoe, J.)(citation omitted). Second, if a prisoner is eligible for a reduction, courts must determine whether a reduction is appropriate in light of the sentencing factors that 18 U.S.C. § 3553(a) enumerates. See United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013)(Lucero, J.).[7] This determination is "unambiguously discretionary." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998)(Hull, J.).

---

[7]The Application Notes for U.S.S.G. § 1B1.10 mention two considerations in addition to the standard § 3553(a) factors:

**(ii) Public Safety Consideration.--**The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

**(iii) Post-Sentencing Conduct.--**The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 cmt. app. n.1(B)(ii-iii).

4. **<u>Limits on Sentencing Reductions</u>.**

Congress and the Sentencing Commission have placed four primary restrictions on the relief available under 18 U.S.C. § 3582(c)(2) and retroactive Amendments to the Guidelines. First, courts cannot reduce the term of imprisonment below time served. <u>See</u> U.S.S.G. § 1B1.10 cmt. app. n.1(B)(3). Second, any retroactive reductions based on Amendment 782 cannot take effect until November 1, 2015. <u>See</u> U.S.S.G. § 1B1.10 cmt. app. n.1(B)(6). Third, in most cases, courts may not reduce a defendant's sentence below the amended Guidelines range. <u>See</u> U.S.S.G. § 1B1.10 cmt. app. n.3 ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined.").

This third limitation does not apply, however, when a defendant originally received a below-Guidelines sentence because the United States made a motion to reflect the defendant's substantial assistance to authorities. <u>See</u> U.S.S.G. § 1B1.10 (b)(2)(B). In such a case, a sentence "comparably less than the amended guideline range" may be appropriate. U.S.S.G. § 1B1.10 (b)(2)(B). <u>See</u> <u>Dillon v. United States</u>, 560 U.S. 817, 826-27 (2010)(Sotomayor, J.)("Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range."). For example, if the court granted a twenty-percent downward departure from the original Guidelines range because of the defendant's substantial assistance to authorities, it may grant a twenty-percent downward departure from the revised Guidelines range. <u>See</u> U.S.S.G. § 1B1.10 cmt. app. n.4(B).

Fourth, a district court may lack jurisdiction to grant a sentence reduction if the defendant's original sentence was "based on" a statutory mandatory minimum sentence rather than a Guidelines range. 18 U.S.C. § 3582(c)(2). The Guidelines explain that

> a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. 1B1.10 cmt. n.1(A).[8] Mandatory minimums foreclose 18 U.S.C. § 3582(c)(2) sentence reductions even for defendants who escape the mandatory minimum by providing substantial assistance to law enforcement, because their sentences are "'based on' on their mandatory minimums and their substantial assistance to the Government, not on the sentencing ranges that the Commission later lowered." Koons v. United States, ___ S. Ct. ____, 2018 WL 2465190, at *2 (June 4, 2018)(Alito, J.)(slip op. at 1). Consequently, a reduced sentence under 18 U.S.C. § 3582(c)(2) is not available. See Koons v. United States, 2018 WL 2465190, at *2.[9]

---

[8]District courts must make this determination after the calculation of the base offense level, but before any discretionary departures. "Applicable guideline range," as used in the Guidelines, means "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. 1B1.10 cmt. n.1(A). See United States v. White, 765 F.3d 1240, 1242 (10th Cir. 2014)(Ebel, J.)(describing this rule as "well-settled").

[9]Koons v. United States unanimously resolves a split among the United States Court of Appeals regarding 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to defendants who receive sentences below mandatory minimums under U.S.S.G. § 5K1.1. Some courts held that when a sentencing court departs below a mandatory minimum, a defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2) if the Guidelines are retroactively amended, because the original sentence was "based on" the mandatory minimum and not the subsequently amended Guidelines. In United States v. Shines, 527 F. App'x 663 (10th Cir. 2013)(Lucero, J.)(unpublished), for example, the defendant's Guidelines range was 30 to 37 months, but he received a mandatory minimum sentence of 60-months imprisonment for a separate firearms offense under 21 U.S.C. §

## 5. Error Correction and Sentence Reductions.

The Guidelines give specific guidance to courts contemplating sentence reductions.[10] First, courts "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). In making this decision, they "shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave <u>all other guideline application decisions</u> unaffected." U.S.S.G. § 1B1.10(b)(1)(emphasis added). <u>See Freeman v. United States</u>, 564 U.S. 522, 531 (2011)(Kennedy, J., plurality opinion)("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion. All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment."). In other words, "district courts

---

844. 527 F. App'x at 664. After his sentencing, Amendment 750 of the Guidelines retroactively reduced certain offense levels for cocaine base offenses. <u>See</u> 527 F. App'x at 665. The Tenth Circuit rejected the defendant's motion for a sentence reduction, explaining: "We also note that Shines' sentence was based on a statutory minimum. And because Amendment 750 does not lower this mandatory minimum, a reduction in his term of imprisonment is not authorized by § 3582(c)(2)." 527 F. App'x at 665. Other courts reached similar conclusions. <u>See</u> <u>United States v. Hood</u>, 556 F.3d 226, 234 (4th Cir. 2009)(Niemeyer, J.); <u>United States v. Benton</u>, 546 F. App'x 365, 369 (5th Cir. 2013)(Higginson, J.)(holding that defendant's sentence was "based on" mandatory minimum rather than a "sentencing range that was subsequently lowered" by Amendments to the Guidelines). The United States Court of Appeals for the District of Columbia Circuit rejected that line of reasoning, however. <u>See</u> <u>In re Sealed Case</u>, 722 F.3d 361, 369 (D.C. Cir. 2013)(Griffith, J.).

[10]Sentence reduction hearings under this statute are not full resentencing proceedings. <u>See</u> U.S.S.G. § 1B1.10(a)(3)("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant."); <u>Dillon v. United States</u>, 560 U.S. at 83 ("[Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."); <u>United States v. Lucero</u>, 713 F.3d at 1028 ("Sentence modification under § 3582(c) does not amount to 'resentencing.'")(Briscoe, J.).

cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." <u>United States v. Washington</u>, 759 F.3d 1175, 1182 (10th Cir. 2014)(Murphy, J.).

The Supreme Court has interpreted "all other guideline application decisions" broadly, holding that courts generally cannot revisit sentencing courts' calculations. In <u>United States v. Dillon</u>, the defendant argued that the sentencing court's decision to treat the Guidelines as mandatory violated his constitutional rights under <u>United States v. Booker</u>. <u>See</u> <u>United States v. Dillon</u>, 560 U.S. at 831. The Supreme Court rejected the defendant's attempt to "recalculate" his sentence and correct the error, explaining that this aspect of his sentence was "outside the scope of the proceeding authorized by § 3582(c)(2)." 560 U.S. at 831.

## <u>ANALYSIS</u>

The Court cannot reduce Acuna-Gonzalez' sentence. As a general matter, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A limited exception exists "in the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the Court can reduce a defendant's sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One policy statement that covers Amendment 782 is U.S.S.G. § 1B1.10. <u>See</u> U.S.S.G. § 1B1.10(d). According to that policy statement, courts cannot impose a reduced sentence "that is less than the minimum of the amended guideline range" unless a defendant originally received a downward departure "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b). In calculating a defendant's amended guideline range,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). The amended guideline range does not include departures from the guidelines range that the sentencing court originally imposed. See United States v. Boyd, 721 F.3d at 1260 (directing courts to disregard a "decision at the original sentencing to grant a downward departure" when calculating a defendant's amended guidelines range for U.S.S.G. § 1B1.10 purposes).

Acuna-Gonzalez was originally sentenced to 108 months imprisonment. See Judgment, filed March 30, 2013 (Doc. 103). His original guidelines range was based on a total offense level of 31 and a criminal history category of III. See Memo at 1. Amendment 782 lowered Acuna-Gonzalez' base offense level by 2, so his amended guidelines range is based on a total offense level of 29 and a criminal history category of III. See Amendment 782 at 64. Those two factors produce an amended range of 108 to 135 months imprisonment. See U.S.S.G. Sentencing Table. Acuna-Gonzalez' current sentence and his minimum amended guidelines sentence are, thus, equal, so the Court cannot properly reduce Acuna-Gonzalez' sentence. The Court accordingly denies the Motion.

**IT IS ORDERED** that the Pro Se Defendant's Motion to Reduce or Modify His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the United States Guideline "Retroactive" Amendment 782, filed March 7, 2016 (Doc. 123), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John C. Anderson
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

     *Attorney for Defendant Manuel Acuna-Gonzalez*

John F. Robbenhaar
  Federal Public Defender
Albuquerque, New Mexico

     *Attorney for Defendant Ramiro Rosales-Perez*

Henry Edward de la Garza
Albuquerque, New Mexico

     *Attorney for Defendant Apolonio Rosales-Vizcarra*